UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| RANDOLPH HIEBERT, | PLAINTIFF DEMANDS TRIAL BY JURY |
| Plaintiff, | |
| v. | Case No. 5:18-cv-06124 |
| AKAL SECURITY, INC., | |
| Defendant. | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Plaintiff, by counsel, and pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Missouri Human Rights Act, Mo. Rev. Stat. § 213.111 et seq., does hereby purport the following Petition for Damages, to wit:

1. Plaintiff is a male, born March 28, 1956, with the following social security number, XXX-XX-0205, residing and domiciled in Clay County, Missouri.

2. Defendant Akal Security, Inc. (hereinafter Akal) is a corporation, that is registered in the State of Missouri, organized under the laws of and has its principal place of business in the State of New Mexico.

3. The actions and omissions described herein occurred in Platte County, Missouri.

4. Defendant Akal operates a business located at 12200 North Ambassador Drive, #233, Kansas City, Missouri 64163.

5. Defendant Akal employs more than fifteen (15) people.

6. In May, 2016 Plaintiff was hired by Defendant Akal to provide Transportation Security Administration (TSA) security.

1

7. Plaintiff went through three (3) weeks of training and was scheduled for further training out of state.

8. Plaintiff's wife, Dani Hiebert, called Defendant and told Sheena LNU (Last Name Unknown) in Defendant's Human Resources Department that Plaintiff was in the hospital with congestive heart failure.

9. Defendant's Human Resources Department employee, Sheena LNU, told Ms. Hiebert that Plaintiff would be placed on unpaid medical leave.

10. In November, 2016, Plaintiff was cleared to return to work by his physicians, in that his congestive heart failure issues had resolved to the point where he could return to work.

11. In November, 2016, Plaintiff contacted Defendant's Human Resources Department employee, Sheena LNU, and informed her that Plaintiff was cleared to return to work.

12. Defendant's Human Resources Department employee, Sheena LNU, specifically instructed Plaintiff to not send in his clearance to return to work that was provided by Plaintiff's physician.

13. Defendant's Human Resources Department employee, Sheena LNU, told Plaintiff that she would have to check to see if a person with a heart condition could be employed.

14. Thereafter, Plaintiff made repeated phone calls to Defendant's Human Resources Department employee, Sheena LNU, leaving voicemails and requesting a return phone call.

15. Plaintiff's numerous phone calls to Defendant's Human Resources Department employee, Sheena LNU, were not returned.

16. On or about May 26, 2017, Defendant advised Plaintiff in writing that he had abandoned his job because he had not contacted Defendant and provided a release from Plaintiff's physician.

17. After receiving the written notice of abandoning his employment, Plaintiff contacted Defendant by telephone and explained that since November, 2016 Plaintiff had been attempting to provide his physician's clearance to return to work, but was specifically told by Defendant's Human Resources Department employee, Sheena LNU, to *not* provide that release.

18. Defendant informed Plaintiff that Defendant's Human Resources Department employee, Sheena LNU, no longer worked for the company.

19. Plaintiff, through his wife, informed Defendant that he was in congestive heart failure which is a physical impairment that substantially limits the operation of one of Plaintiff's major bodily functions, namely his circulatory system. 42 U.S.C. § 12102.

20. By informing Defendant of the existence of this physical impairment that substantially limited one of Plaintiff's major life activities (major bodily function), Plaintiff had a record of this impairment. 42 U.S.C. § 12102(1)(B).

21. Or, pleading in the alternative, Defendant regarded Plaintiff as having such impairment. 42 U.S.C. § 12102(1)(C).

22. Plaintiff was cleared to return to work in November, 2016, and was able to perform the essential functions of his job, as evidenced by the fact that his physician gave Plaintiff clearance to return to work.

23. Defendant terminated Plaintiff's employment by not allowing him to provide the physician's clearance to return to work, and informing him that he had abandoned his job after he had been attempting to return to work.

24. The actions and omissions described herein happened to Plaintiff based on the fact that he has a qualifying disability, or perceived qualifying disability.

25. On or about August 28, 2017 Plaintiff filed a dual Charge of Discrimination against the Defendant, with the Equal Employment Opportunity Commission (EEOC) and Missouri Commission on Human Rights (MCHR), with an EEOC Charge Number of 563-2017-02021.

26. On or about April 13, 2018, Plaintiff received a Notice of Right to Sue issued by the EEOC.

27. As a result of the actions and omissions of Defendant, Plaintiff has suffered, and will continue to suffer, economic and non-economic damages, including, but not limited to, emotional pain, suffering, embarrassment, inconvenience, mental anguish, loss of enjoyment of life, and humiliation.

28. The actions and omissions of Defendant were outrageous because of Defendant's evil motive or reckless indifference to the rights of Plaintiff.

WHEREFORE, Plaintiff prays this Court order Defendant to pay compensatory damages, attorney fees, punitive damages, and prejudgment interest in an amount that is

4

Case 5:18-cv-06124-GAF   Document 22   Filed 10/18/18   Page 4 of 5

fair and reasonable under the circumstances and for any such further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

**BOSLER LAW FIRM, PC**

By:   /s/ Timothy H. Bosler Jr.
      Timothy H. Bosler #23442
      Timothy H. Bosler Jr. #57846
      14 South Main Street
      Liberty, MO 64068
      Telephone: (816) 781-0085
      Telecopier: (816) 792-1817
      E-mail: bosler@greenhills.net

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 18th day of October, 2018, the foregoing was filed through the United States Federal Court electronic filing system which will send a notice of electronic filing to all registered attorneys of record.

/s/ T.H. Bosler
T.H. Bosler